IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| William T. Witherspoon, | ) | C/A No.: 1:13-1163-TMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| M. Cruz, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

    William T. Witherspoon ("Petitioner"), proceeding pro se, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") has failed to properly calculate his federal sentence. Petitioner is a federal prisoner at Federal Correctional Institution (FCI) Williamsburg, South Carolina, serving a 240-month sentence for drug conspiracy. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss/summary judgment. [Entry #8]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #9, 11]. Petitioner filed a response. [Entry #13].

    Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

1

I.      Factual and Procedural Background

Petitioner has been in prison since 2000 and was sentenced on state and federal charges. He files this petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the execution of his federal sentence. In his petition, Petitioner requests the court clarify when his federal sentence commenced. Specifically, Petitioner asserts the BOP should award him credit toward his federal sentence for the time he spent in state custody.

On August 15, 2000, Petitioner was arrested for murder by state authorities in Lancaster County, South Carolina. [Entry #8-1 at 14]. On September 6, 2000, Petitioner was arrested on state kidnapping and armed robbery charges. [*Id.* at 15 (kidnapping), 16 (armed robbery)].

On March 19, 2003, Petitioner was indicted in *United States v. William Thomas Witherspoon*, Cr. No.: 10:02-1173 ("Federal Action"), in the United States District Court for the District of South Carolina for (1) conspiracy to possess with intent to distribute and distribution of five kilograms or more of cocaine and fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), § 846; and (2) conspiracy to possess a firearm in furtherance of drug trafficking crimes in violation of 21 U.S.C. § 846, § 924(o). [Federal Action, Entry #22]. A bench warrant and writ of habeas corpus ad prosequendum ("Writ") issued on March 19, 2003. [*Id.* at 31, #32].

On April 1, 2003, Petitioner was temporarily transferred to federal custody for prosecution pursuant to the Writ for disposition of his federal charges. [Entry #8-1 at 17–18].

On June 1, 2005, Petitioner was sentenced to 360 months by the federal sentencing court on the drug conspiracy charge. *Id.* at 9–13. The sentence was later reduced to 262 months, *id.* at 19–20, and then to 240 months, *id.* at 21–22. Further, the respective judgments do not indicate the federal sentencing court ordered the sentence to operate concurrently with any other sentence. *Id.* After his sentencing hearing on June 21, 2005, Petitioner was returned to state authorities. *Id.* at 17–18.

On his state charges, Petitioner pled guilty to and was sentenced on August 6, 2007, to nine years for Accessory Before the Fact of a Felony (Armed Robbery). *Id.* at 23–24. The state sentencing court ordered that Petitioner receive credit for seven years of time served, and that the state sentence run concurrent to Petitioner's federal sentence. *Id.* The State calculated Petitioner's nine-year state sentence as having commenced on August 7, 2000. *Id.* at 25. Petitioner satisfied his state term of confinement on August 1, 2008, and he was released to federal custody. *Id.* at 26.

Based upon this history, Respondent calculates Petitioner's federal sentence as having commenced on August 1, 2008, the day he satisfied his state sentence and was released to the federal authorities. [Entry #8 at 2]. Respondent argues that Petitioner is not entitled to any prior custody credit and calculates Petitioner's current projected release date as May 2, 2026, via Good Conduct Time (GCT) Release. [Entry #8-1 at 6].

II.  Discussion

As an initial matter, the undersigned notes that Respondent concedes that Petitioner has exhausted his administrative remedies with respect to these claims, and,

therefore, the claims are addressed on their merits. Respondent contends that the BOP has correctly calculated Petitioner's sentence. The undersigned agrees.

      A.      Federal Sentence Computation Generally

The computation of a federal sentence is governed by 18 U.S.C. § 3585 and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence. 18 U.S.C. § 3585. A federal sentence cannot commence before it is imposed. *See* 18 U.S.C. § 3585(a) ("Commencement of sentence: A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum.* Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.").

Credit for prior custody is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b).

4

To provide guidance on giving effect to this statute, the BOP promulgated Program Statement 5880.28, Sentence Computation Manual (CCA of 1984), dated July 19, 1999. Pursuant to this Program Statement, the BOP does not apply credit toward a federal sentence for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign; time spent in custody pursuant to a writ of habeas corpus from non-federal custody; or time that has already been credited toward another sentence.

Pursuant to the provisions of 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times, such as Petitioner's state and federal sentences, run consecutively absent an affirmative order of the federal sentencing court that they run concurrently.

B.     No Credit for Prior State Custody

Petitioner contends he is entitled to credit towards his federal sentence for the time he alleges the sentencing judge gave him. Petitioner claims that during his sentencing, his attorney asked the sentencing judge if Petitioner could receive jail credit from the time he was in federal custody and that the sentencing judge "granted the request, that is, according to [Petitioner's] recollection. If [Petitioner's] recollection serves him right, the Court granted him such relief from April 2003 to June 2005." [Entry #13 at 2]. However, Petitioner concedes that he did not order the sentencing transcript and asks the court to review the transcript for him.

The undersigned has reviewed the official transcript of Petitioner's June 1, 2005, sentencing in *United States v. William Thomas Witherspoon*, Cr. No.: 10:02-1173.

[Federal Action, Entry #487]. The transcript reflects no such relief having been granted by the court. The only remark in the transcript concerning Petitioner's prior time in custody was made, just prior to Petitioner's own statement by his attorney, as follows:

> Mr. Witherspoon obviously has—he has continued to assert his innocence in this matter. And has asked me to state on the record that he's entitled to be sentenced on the basis of accurate information, and just ask that the court consider—consider his involvement, as compared to the other defendants in this matter. Consider the testimony that was presented, and the fact that Mr. Witherspoon's involvement was early on in the time period alleged in the indictment.
>
> **Mr. Witherspoon has been incarcerated on this offense since December 14th, 2001, which obviously—of course, Your Honor, he would receive time served for that.** But all that said, we would just submit that Mr. Witherspoon should have a sentence that's less than the now advisory guideline range that was stated earlier, and a—I would submit, based on all the factors to be considered, that a sentence of something in the neighborhood of 20 years would be a reasonable sentence for this defendant, in comparison with the other defendants in this case, so that he is being fed from the same spoon.
>
> And Your Honor, I—that's my position, and obviously Mr. Witherspoon may have something to say as well.

*Id.* at 28.

Petitioner's counsel's representation that Petitioner had been incarcerated on the instant offense since December 14, 2001, was simply inaccurate. The superseding indictment with the federal charge against Petitioner did not issue until March 19, 2003—the same day the bench warrant and Writ issued. Petitioner could not have been in federal custody before there was a federal charge. To the extent that Petitioner's counsel stated that Petitioner would receive credit for the time he had served up to sentencing, such was an assumption, and not a finding by the sentencing court. Petitioner's counsel

6

was correct that Petitioner would receive, and did receive, credit towards his state sentence, on which he had been in custody some years earlier.

However, Petitioner is not entitled to credit towards his federal sentence because that time was already credited to his state sentence. [Entry #8-1 at 23]. Petitioner is not entitled to credit against his federal sentence for time spent in state custody because under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992); *see also United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (holding credit is only available for time spent in custody which has not been credited against another sentence). Petitioner is not entitled to any prior custody credit because the time he served was credited against his state sentence and that sentence is completed. [Entry #8-1 at 25].

    C.    No Credit for Federal Custody Pursuant to the Writ

Additionally, Petitioner is not entitled to credit for the time he spent in federal custody when he was borrowed from state officials pursuant to the Writ. Petitioner was in state custody from his arrest by state authorities on August 15, 2000. *Id.* at 14. Petitioner was borrowed by the United States Marshals Service on April 1, 2003, pursuant to the Writ. *Id.* at 17–18. He was returned to state custody on June 21, 2005. *Id.* However, a prisoner is not "in custody" when he appears in another jurisdiction's court pursuant to a writ of habeas corpus ad prosequendum; he is merely "on loan" to that jurisdiction. *Stewart v. Bailey*, 7 F.3d 384, 389 (4th Cir. 1993). Further, a prisoner is not entitled to prior custody credit for time spent in federal detention pursuant to a writ of habeas corpus ad prosequendum, when the time period was credited against his state

7

sentence, because he already had been sentenced on the state offense and was serving that sentence during the relevant time period. *Williamson v. Pettiford*, C/A No. 8:07-3739, 2008 WL 2076664 (D.S.C. May 9, 2008) (*citing Rios v. Wiley*, 201 F.3d 257, 272 (3rd Cir. 2000)); *United States v. Dennis*, 926 F.2d 768, 770 (8th Cir. 1991); *Jimenez v. Warden, FDIC, Fort Devens Massachusetts*, 147 F. Supp. 2d 24, 28 (D. Mass. 2001).

        D.      No Right to Have State and Federal Sentences Run Concurrently

Additionally, Petitioner's argument that the state court ordered the sentences to run concurrently is also without merit. A state court's judgment does not create an entitlement to concurrent state and federal sentences. *See Barden v. Keohane*, 921 F.2d 476, 478 n. 4 (3d. 1990) ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state Court's direction that the state and federal sentences run concurrently."). While the state sentencing court may have desired its sentence to run concurrently with the federal sentence, it did not have any authority to commence Petitioner's uncommenced federal sentence. *See* 18 U.S.C. § 3585(a); *see also Meagher v. Clark*, 943 F.2d 1277, 1282 (11th Cir. 1991) (holding inmate could not receive credit on his federal sentence for prior time served on a state sentence, even though the state plea agreement provided that the state and federal sentences would be concurrent); *Hawley v. United States*, 898 F.2d 1513, 1514 (11th Cir. 1990) (finding that absent federal involvement in the state's plea bargain, federal courts are not bound by the state court's intentions and [are] free to use [their] own discretion in applying federal law to determine the conditions of the [prisoner's] federal sentence); *Saulsbury v. United States*, 591 F.2d 1028, 1035 (5th Cir. 1979) (noting that there can be no interference with federal

discretion in sentencing and incarceration unless the federal government has implicated itself directly or indirectly in a state plea bargaining process). The only proper way for the state court to have effectuated such an intent would have been to release Petitioner to federal custody immediately at the time of sentencing. In this instance, the state retained custody of Petitioner, and did not release him to federal authorities until the expiration of his state sentence.

> E. No Right to Nunc Pro Tunc Designation

Pursuant to 18 U.S.C. § 3585(a) and the BOP's policy in computing sentences, a federal sentence cannot commence prior to the date of its imposition and until the defendant is in federal custody. However, an inmate in non-federal custody may have his federal sentence commence the date it is imposed if the BOP makes a nunc pro tunc designation under 18 U.S.C. § 3621(b), which allows the non-federal facility to serve as a place for service of the federal sentence. *Barden*, 921 F.2d at 483. Section 3621(b) enumerates the following factors for the BOP to consider in making nunc pro tunc designations: (1) the resources of the non-federal facility; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the sentencing court; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2). 18 U.S.C. § 3621.

While under no obligation to grant a nunc pro tunc designation request, the BOP is to consider the language of the federal and state judgments, the state sentence data record to include jail credit, and "any other pertinent information relating to the federal and state sentences." BOP Program Statement 5160.05(9)(b)(4)(b). The BOP is afforded wide

latitude in exercising its delegation authority under § 3621(b). *Barden*, 921 F.2d at 483; *Trowell v. Beeler*, C/A No. 04-6531, 2005 WL 1181858, at *2 (4th Cir. May 19, 2005) (unpublished). Further, the BOP's decision to grant or deny nunc pro tunc designation is subject to judicial review only for the purposes of abuse of discretion. *Barden*, 921 F.2d at 478.

Here, upon Petitioner's request, the BOP conducted a review pursuant to *Barden* to determine if it would be appropriate to grant Petitioner a nunc pro tunc designation that would allow his federal and state sentence to run concurrently. Pursuant to Program Statement 5160.05, the BOP sent a letter dated May 9, 2011, to Petitioner's federal sentencing judge, soliciting the court's position as to designating, retroactively, a state institution for service of the federal sentence. [Entry #8-1 at 45–46]. In response, by letter dated June 6, 2011, the federal sentencing court noted it opposed Petitioner's federal and state sentences operating concurrently because the state crime was unrelated to Petitioner's federal sentence and running the sentences concurrently would not adequately punish Petitioner for his separate and distinct crimes. *Id.* at 47.

After reviewing Petitioner's case, the BOP determined a retroactive concurrent designation would not be appropriate. *Id.* at 48. The BOP's final administrative decision denying Petitioner's request set out the specific facts of the Petitioner's situation and considered the appropriate factors, including the nature of Petitioner's offenses, Petitioner's criminal history, and the sentencing judge's intent. *Id.* The BOP did not abuse its discretionary authority in this case. Petitioner's sentence commenced on the day he was released from state custody and transferred to federal custody on August 1,

2008. *Pinaud v. James*, 851 F.2d 27, 30 (2nd Cir. l988) (holding a federal sentence does not commence until the Attorney General receives the defendant into custody for service of the federal sentence.).

Accordingly, it is recommended that Respondent's motion for summary judgment on be granted and the petition dismissed with prejudice.

III.     Conclusion

For the foregoing reasons, it is recommended that Respondent's motion for summary judgment [Entry #8] be granted and the petition for writ of habeas corpus be denied, and the petition dismissed with prejudice and without an evidentiary hearing.

IT IS SO RECOMMENDED.

September 12, 2013                             Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).