IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| William T. Witherspoon, ) | |
| ) | Civil Action No. 1:13-1163-TMC |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| M. Cruz, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, William T. Witherspoon ("Witherspoon"), proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") has failed to properly calculate his federal sentence. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), D.S.C., all pre-trial proceedings in this case were referred to a magistrate judge. This matter is now before the court on the Report and Recommendation ("Report") of that magistrate judge, recommending that the court grant the respondent's motion to dismiss/motion for summary judgment.[1] (ECF No. 15.) Witherspoon timely objected to the Report, asserting that neither the magistrate judge nor BOP considered granting him *Willis*[2] credit. (ECF No. 17.)

The magistrate judge's recommendation has no presumptive weight and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court

---

[1] The respondent's motion is styled as a motion to dismiss (*see* ECF No. 8); however, both parties have asked the court to consider attachments other than the pleadings and motions. Accordingly, the court construes the motion as a motion for summary judgment.

[2] *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971).

is charged with making a de novo determination of those portions of the Report to which a party specifically objects. *Id.* However, the court need not address "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Witherspoon is currently serving a 240-month sentence at Federal Correctional Institution Williamsburg for drug conspiracy charges. In August and September 2000, Witherspoon was arrested on state charges and taken into state custody. In March 2003, he was indicted on federal charges and the court issued a bench warrant and writ of habeas corpus ad prosequendum. As a result, on April 1, 2003, Witherspoon was temporarily transferred to federal custody for disposition of his federal charges. Witherspoon remained in federal custody until his sentencing on June 1, 2005, at which the federal judge sentenced him to 360 months[3] and then returned him to state custody.

On August 6, 2007, Witherspoon pled guilty to his state charges and the judge sentenced him to nine years imprisonment. However, the state judge ordered that Witherspoon receive seven years of credit for time served (including the two years he was in federal custody awaiting sentencing) and that his state sentence run concurrent with his federal sentence. Witherspoon served the remaining two years of his state sentence and then, on August 1, 2008, was released to federal custody.

Witherspoon contends that he should receive credit for April 2003 to June 2005, the period of time he was in temporary federal custody while awaiting his sentencing hearing. However, Witherspoon's federal sentencing report did not indicate that his federal sentence was to run concurrently with his state sentence. And, in response to the BOP's inquiry, the sentencing judge stated that he intended the federal sentence to run consecutively with the state

---

[3] That sentence was later reduced to 262 and then 240 months.

sentence. In spite of this clarification and the Report's accurate discussion of the law, Witherspoon continues to assert that he is entitled to credit under *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971).[4]

Under *Willis*, the BOP can grant prior custody credit, "even if it results in a double-credit toward a state sentence, when two conditions are met: (1) a prisoner's state and federal sentences run concurrently; and, (2) the federal sentence full term release date is equal to or greater than the state sentence full term release date." *Winston v. Stansberry*, Civil Action No. 3:10CV631, 2011 WL 2693383 *2 (E.D. Va. July 11, 2011). As discussed above and in the Report, Witherspoon's federal and state sentences run consecutively, not concurrently.[5] Thus, *Willis* does not apply and Witherspoon is not entitled to credit for the two years he spent in federal detention awaiting sentencing.

Accordingly, after a thorough review of the record in this case, the court adopts the Report and incorporates it herein. The respondent's motion to dismiss is (ECF No. 8), therefore, granted and Witherspoon's petition for writ of habeas corpus is denied and dismissed with prejudice and without an evidentiary hearing.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable

---

[4] Witherspoon asks the court to compare his case to that of his brother, who he asserts received the same sentences for the same crimes and was granted Willis credit. That case is not before this court and the court declines to review the specifics of his sentence, but points out that, generally, judges have a certain amount of discretion in imposing sentences and consider a number of factors outside of the crime committed that can vary between individual inmates.

[5] Despite Witherspoon's recollection that the federal sentencing judge agreed to let the sentences run concurrently, there is no evidence of that purported agreement in the record and, instead, the sentencing judge has stated definitively that he intended the two sentences to run consecutively.

and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

s/Timothy M. Cain
United States District Court Judge

October 16, 2013
Anderson, South Carolina